IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONELLE R. TAYLOR, | ) | Case No. 1:19-cv-2703 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DOUGLAS FENDER, WARDEN, | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION**[1] |
| | ) | |

On April 6, 2015, Ronelle R. Taylor pleaded guilty to one count of drug trafficking and one count of endangering children. The Cuyahoga County Court of Common Pleas sentenced Taylor to a mandatory seven-year prison term and time-served, respectively. Taylor now seeks a petition for writ of habeas corpus, under 28 U.S.C. § 2254, raising two related grounds for relief that generally contend that his plea was involuntary because he was unaware his drug trafficking charge carried a mandatory prison term. *See generally* ECF Doc. 1; ECF Doc. 1-1. Specifically, Taylor asserts:

> **Ground One:** The trial court abused its discretion when it denied Taylor's motion to withdraw his guilty plea without conducting a hearing (ECF Doc. 1 at 5; ECF Doc. 1-1 at 5-11); and
>
> **Ground Two:** Trial counsel was ineffective for not informing Taylor that his drug trafficking offense carried a mandatory prison term (ECF Doc. 1 at 7; ECF Doc. 1-1 at 9, 11-16).[2]

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report & recommendation pursuant to Local Rule 72.1
[2] Respondent Warden Douglas Fender filed a return of writ on April 28, 2020. ECF Doc. 11. As of the date of this report and recommendation, Taylor has not filed a traverse, despite an order of the court

Because Taylor's claims are non-cognizable and meritless, I recommend that the claims be DISMISSED and that Taylor's petition for writ of habeas corpus be DENIED. I further recommend that Taylor not be granted a certificate of appealability.

I.      **State Court Proceedings**

   A.   **Trial Court**

On December 15, 2014, Taylor was charged in a five-count indictment with: (1) trafficking with a juvenile specification; (2) drug possession; (3) possessing criminal tools; and (4-5) endangering children. ECF Doc. 11-1 at 4-8. Taylor pleaded not guilty, and the case was set for trial. ECF Doc. 11-1 at 9. Taylor filed a motion to suppress evidence seized from his house and person on Fourth Amendment grounds. ECF Doc. 11-1 at 11-20. The state filed a brief in opposition. ECF Doc. 11-1 at 21-26. But the motion was never ruled on. *See generally* ECF Doc. 11-1; *see also* ECF Doc. 11 at 3 ("There appears to be no decision on the motion to suppress in the record."); Docket for Cuyahoga Cty. Ct. of Com. Pl. No. CR-14-591206.

On April 6, 2015, Taylor expressed his wish to change his plea after reaching a plea agreement with the state. ECF Doc. 11-2 at 104. Under the terms of the agreement, Taylor agreed to plead guilty to trafficking without a juvenile specification and one count of endangering children. ECF Doc. 11-2 at 104-05. In return, the state agreed to dismiss the juvenile specification and the other charges. ECF Doc. 11-2 at 105. The prosecutor stated the amended Count 1 drug trafficking charge required a "mandatory prison sentence." *Id.* A plea colloquy ensued, during which the trial court explained: "[D]rug trafficking as amended … is a felony of the 2nd degree, which is punishable by a possible term of incarceration of two to eight years in prison. *** And this is a mandatory prison charge, meaning you will have to go to

---

extending the deadline to file by more than a year from the initial deadline. ECF Doc. 12. Taylor's motion to further extend that deadline to September 24, 2021 (ECF Doc. 13) was denied. ECF Doc. 14.

prison on amended Count 1." ECF Doc. 11-2 at 111. Taylor stated that he understood. *Id.* Taylor then pleaded guilty to trafficking and one count of endangering children. ECF Doc. 11-2 at 115. The trial court accepted his plea, finding that it was entered knowingly and voluntarily. ECF Doc. 11-1 at 27; ECF Doc. 11-2 at 115.

On April 30, 2015, the trial court held a sentencing hearing. ECF Doc. 11-2 at 118. Taylor requested a sentence of no more than four years' imprisonment. ECF Doc. 11-2 at 121. Taylor explained that, although aware "that this Court must impose a minimum sentence of two years" on his trafficking charge, a four-year maximum sentence would be appropriate. *Id.* Taylor, speaking directly, stated, "I take full responsibility for my actions." ECF Doc. 11-2 at 122. The court sentenced him to seven years on the trafficking charge and time-served on the child-endangerment charge. ECF Doc. 11-1 at 28; ECF Doc. 11-2 at 138-39. The court further ordered that Taylor's seven-year sentence would run consecutive to his one-year sentence in Case No. CR-13-580285, for a total aggregate prison term of eight years. ECF Doc. 11-1 at 28; ECF Doc. 11-2 at 139.

**B.  Direct Appeal**

On March 22, 2016, the Ohio Court of Appeals granted Taylor leave to file a delayed appeal. ECF Doc. 11-1 at 33. Through new counsel, Taylor filed a merits brief, asserting two assignments of error:

> 1. The trial court erred and/or lacked sufficient justification to impose consecutive sentences. ECF Doc. 11-1 at 37, 39-40.
>
> 2. The trial court abdicated its neutral function when it concluded that Taylor was a "monster" and sentenced him accordingly. ECF Doc. 11-1 at 37, 41-42.

The state filed an appellee brief. ECF Doc. 11-1 at 43-54.

3

On November 23, 2016, the Ohio Court of Appeals overruled Taylor's assignments of error and affirmed his convictions. ECF Doc. 11-1 at 55-64; *State v. Taylor*, 2016-Ohio-7894 (Ohio App. Ct. Nov. 23, 2016). However, the court remanded so that the trial court could issue a new sentencing journal entry that incorporated the Ohio Rev. Code § 2929.14(C)(4) findings in support of its imposition of consecutive sentences. ECF Doc. 11-1 at 61, 64. The trial court issued a corrected journal entry with the necessary findings on February 13, 2017. ECF Doc. 11-1 at 65.

### C. Petition for Post-Conviction Relief

Meanwhile, on September 7, 2016, Taylor filed a pro se petition for post-conviction relief. ECF Doc. 11-1 at 67-69. In it, he raised one claim: the arresting officer had no lawful right to pursue him, search his home, or arrest him, all in violation of the Fourth Amendment. ECF Doc. 11-1 at 68. This petition was never ruled upon. *See generally* ECF Doc. 11-1; *see also* Docket for Cuyahoga Cty. Ct. of Com. Pl. No. CR-14-591206.

### D. App. R. 26(B) Application to Reopen Appeal

On February 14, 2017, Taylor filed a pro se application to reopen his direct appeal pursuant to Ohio App. R. 26(B), alleging that appellate counsel was ineffective for not appealing the trial court's imposition of costs and trial counsel's failure to file a motion to suppress evidence. ECF Doc. 11-1 at 70-75. The state filed a memorandum in response. ECF Doc. 11-1 at 90-95.

On December 28, 2017, the Ohio Court of Appeals granted in part Taylor's application to reopen as to the trial court's imposition of costs and reversed the trial court's judgment entry imposing costs. ECF Doc. 11-1 at 97-119; *State v. Taylor*, 102 N.E.3d 1101 (Ohio Ct. App. 2017) (en banc). In its en banc decision, the court determined that the trial court's imposition of

4

costs in the judgment entry of conviction, without having imposed costs at the sentencing hearing, constituted reversible error. ECF Doc. 11-1 at 99, 105. The merits panel otherwise denied Taylor's application because trial counsel did in fact file a motion to suppress. ECF Doc. 11-1 at 116-19.

      E.      **Motion to Withdraw Guilty Plea**

On May 30, 2018, Taylor filed a counseled motion to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1. ECF Doc. 11-1 at 121. Taylor contended that his plea was involuntary because: (1) he was told by counsel that under the terms of the plea offer, he would receive a four-year prison sentence; and (2) neither counsel nor the trial court ever told him that pleading to the trafficking charge would require mandatory prison time. ECF Doc. 11-1 at 123, 125. Taylor attached an affidavit attesting to the truth of facts underlying his motion to withdraw his plea. ECF Doc. 11-1 at 127. The state filed a brief in opposition. ECF Doc. 11-1 at 128-32.

On June 21, 2018, the trial court summarily denied Taylor's motion for lack of jurisdiction. ECF Doc. 11-1 at 137. On July 16, 2018, Taylor pro se appealed (ECF Doc. 11-1 at 138), raising two assignments of error:

> 1. The trial court abused its discretion when it denied Taylor's motion to withdraw his guilty plea without conducting a hearing.
>
> 2. Trial counsel was ineffective for failing to notify Taylor of the mandatory prison term included in the state's plea offer.

ECF Doc. 11-1 at 148-61. In support of his first assignment of error, Taylor argued that the trial court failed to comply with Ohio Crim. R. 11(C)(2) and Ohio Rev. Code § 2929.19(B)(1)(a) because he was not advised that a prison term was mandatory. ECF Doc. 11-1 at 155-56. Thus, he argued that the post-conviction court should have held a hearing on his motion to withdraw his guilty plea. ECF Doc. 11-1 at 157. In support of his second assignment of error, Taylor

5

argued that counsel failed to advise him that a mandatory prison term was required. ECF Doc. 11-1 at 160-61.

The state filed an appellee brief. ECF Doc. 11-1 at 163-71. On February 21, 2019, the Ohio Court of Appeals overruled Taylor's assignments of error and affirmed the trial court's decision. ECF Doc. 11-1 at 172-78; *State v. Taylor*, 2019-Ohio-637 (Ohio Ct. App. 2019). The court reasoned that the trial court correctly denied Taylor's motion for lack of jurisdiction because the court previously held in *State v. Moon*, 2015-Ohio-1550 (Ohio Ct. App. 2015), that a trial court lacks jurisdiction to consider a motion to vacate a guilty plea after the conviction has been affirmed on direct appeal. ECF Doc. 11-1 at 176.

Alternatively, the Ohio Court of Appeals determined that Taylor's arguments failed on the merits, reasoning, as to his first assignment of error:

> {¶9} In the case at hand, the state outlined Taylor's plea agreement at the April 6, 2015 hearing. Pertinent to this case, the prosecutor stated that amended Count 1, which is drug trafficking, "is a mandatory prison sentence on that felony of the 2nd degree ***." Furthermore, the court stated the following to Taylor during the plea colloquy regarding the drug trafficking offense to which Taylor was pleading guilty: "And this is a mandatory prison charge, meaning you will have to go to prison on amended Count 1. Dou you understand that?" Taylor replied, "Yes, your Honor." The court also explained to Taylor that the prison term for his second-degree felony trafficking conviction was two to eight years.
>
> {¶10} Upon review, we find no error or abuse of discretion in the court's failure to hold a hearing before denying Taylor's motion to withdraw his guilty plea. The record indicates that Taylor is not entitled to relief, because the prosecutor and the court notified Taylor during his plea hearing that he would serve a mandatory prison term on the drug trafficking offense.

ECF Doc. 11-1 at 177. As to his second assignment of error, the court reasoned:

> {¶13} In Taylor's second assigned error, he argues that his counsel was ineffective for failing to notify him that one of the charges to which he was pleading guilty subjected him to a mandatory prison term. Taylor's affidavit, which is attached to his motion to withdraw guilty plea, states as follows: "At the time of my plea, I was not told I was going to do mandatory prison time." As demonstrated earlier, this statement is not true. Taylor cannot show that his

6

attorney's performance was deficient, nor can he show that he was prejudiced by his counsel's performance."

ECF Doc. 11-1 at 177-78.

Taylor filed a pro se notice of appeal to the Ohio Supreme Court. ECF Doc. 11-1 at 179-80. His memorandum in support of jurisdiction asserted two propositions of law, which were identical to his assignments of error in his brief to the Ohio Court of Appeals. ECF Doc. 11-1 at 182. His supporting arguments were also largely the same as those in support of his assignments of error in his merits brief. ECF Doc. 11-1 at 185-95. On May 29, 2019, the Ohio Supreme Court declined to accept jurisdiction. ECF Doc. 11-1 at 205.

**II. Discussion**

    **A.    Ground One: Trial Court Error**

        **1.    Parties' Arguments**

In his Ground One claim, Taylor contends that the trial court abused its discretion when it denied his motion to withdraw his guilty plea without conducting a hearing. ECF Doc. 1 at 5. In his supporting memorandum of law, Taylor argues that the trial court should have held a hearing on his motion, it seems, because he was never advised by counsel or the trial court that he was subject to a mandatory prison term. ECF Doc. 1-1 at 9-11.

Warden Fender responds that Taylor's Ground One claim is not cognizable because there is no federal constitutional right to withdraw a guilty plea. ECF Doc. 11 at 15. Alternatively, Warden Fender argues that Taylor's Ground One claim is meritless because the Ohio Court of Appeals' determination that the prosecutor and the trial court advised Taylor that he would serve a mandatory prison term was not objectively unreasonable. ECF Doc. 11 at 15, 17.

7

      **2.**      **Cognizability**

Warden Fender is correct that Taylor's Ground One claim isn't cognizable on federal habeas review. "[T]here is no federal constitutional right to withdraw a guilty plea." *King v. Buchanan*, No. 1:19 CV 2159, 2020 U.S. Dist. LEXIS 253229, at *29 (N.D. Ohio Oct. 13, 2020); *see also Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013) ("Hynes has no federal due process right to seek to withdraw his guilty plea."). And whether an Ohio court abused its discretion in denying Taylor's motion to withdraw his guilty plea is an issue of state law. *Xie v. Edwards*, No. 93-4385, 1994 U.S. App. LEXIS 23606, at *4 (6th Cir. Aug. 25, 1994) (unreported). "Federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (quotation marks omitted). Thus, to the extent Taylor's Ground One claim challenges the denial of his motion to withdraw his guilty plea under state law, it is not cognizable on federal habeas review. *Perry v. Lazaroff*, No. 1:16CV225, 2016 U.S. Dist. LEXIS 185691, at *24 (N.D. Ohio Nov. 4, 2016); *Nicholson v. LaRose*, No. 1:13CV2535, 2015 U.S. Dist. LEXIS 50868, at *25 (N.D. Ohio Jan. 8, 2015).

That being said, Taylor could nevertheless obtain habeas relief if the state court's decision "resulted in the denial of fundamental fairness, thereby violating due process." *Dillon v. Warden, Ross Corr. Inst.*, 541 F. App'x 599, 604-05 (6th Cir. 2013). Fundamental fairness under the Due Process Clause is compromised where "the action complained of … violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, … and which define the community's sense of fair play and decency." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal citations and quotation marks omitted). Courts, therefore, "have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (quotation marks omitted).

8

Taylor has not established a due process violation based on the purported failure of counsel or the trial court to inform him that he faced a mandatory prison term. For a guilty plea to be "fundamentally fair," the defendant must be fully aware of the consequences of his plea. *Carwile v. Smith*, 874 F.2d 382, 385 (6th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). As the Ohio Court of Appeals correctly observed, Taylor was specifically told – before he pleaded guilty – that his amended drug trafficking charge was publishable by a "mandatory prison charge" of between two and eight years. ECF Doc. 11-1 at 176-77; ECF Doc. 11-2 at 111; *see Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) ("The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness."). By being correctly advised of this sentencing potential, Taylor cannot demonstrate that he was denied a fundamentally fair proceeding. I recommend that the Ground One claim be dismissed as non-cognizable[3].

### B. Ground Two: Ineffective Assistance of Trial Counsel

#### 1. Parties' Arguments

In his Ground Two claim, Taylor asserts that trial counsel was ineffective for not notifying him that he was subject to a mandatory prison term. ECF Doc. 1 at 7. In his supporting memorandum of law, Taylor argues that counsel led him to believe that he faced a four-year sentence and failed to notify him that he faced a mandatory prison term. ECF Doc. 1-1 at 14, 16.

---

[3] Even if we were to examine the merits of Taylor's Ground One claim, we would be required to deny relief. Taylor can point to no "clearly established Federal law as determined by the Supreme Court of the United States" that the trial court ruling on the motion to withdraw the plea conflicted with. 28 U.S.C. § 2254(d)(1). Nor can he identify any factual finding that was unreasonable in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

Warden Fender responds that Taylor cannot establish prejudice on account of trial counsel's advice concerning his sentence exposure because the prosecutor and the trial court correctly informed him that he faced a mandatory prison term. ECF Doc. 11 at 12, 20.

### 2. AEDPA Deference

Because the Ohio Court of Appeals addressed Taylor's ineffective-assistance-of-trial counsel claim on the merits, Taylor's Ground Two claim is subject to the deferential reasonableness standard under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 124 ("AEDPA"). *Johnson v. Williams*, 568 U.S. 289, 292 (2013). Under AEDPA, habeas relief is available only when the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d). The relevant question isn't whether the state court got it right or wrong, but whether the state court's determination was "unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The petitioner must show that the state court's "decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### 3. Ineffective Assistance Standard

Criminal defendants have a Sixth and Fourteenth Amendment right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain relief on an ineffective-assistance claim, the petitioner must show that: (1) trial counsel's action or inaction was objectively unreasonable in light of all the circumstances of the case; and (2) "the

10

deficient performance prejudiced the defense." *Id.* at 687-88. To meet the first *Strickland* prong, the petitioner has to overcome the presumption that trial counsel exercised reasonable professional judgment in light of the circumstances that counsel faced when making all significant decisions. *Id.* at 690. And for "prejudice," the petitioner has to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The already deferential *Strickland* standard becomes even more difficult to meet when combined with the highly deferential AEDPA standard. *Harrington*, 562 U.S. at 105. The question becomes "not whether counsel's actions were reasonable, but whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### 4. Analysis

The Ohio Court of Appeals' denial of Taylor's Ground Two claim was neither contrary to, nor an unreasonable application of, *Strickland*. 28 U.S.C. § 2254(d). The court explicitly cited and applied the two-prong *Strickland* deficiency and prejudice standard. ECF Doc. 11-1 at 177. And the court reasonably concluded that Taylor could not establish prejudice arising from his counsel's failure to inform him that his drug trafficking charge carried a mandatory prison term. ECF Doc. 11-1 at 177-78. The Ohio Court of Appeals determined that Taylor could not show prejudice because the prosecutor and the trial court stated during the plea colloquy that the drug trafficking charge required a mandatory prison term. *Id.* This was a reasonable finding, because a person cannot show prejudice arising from counsel's failure to tell him something that two other people had told him. Reasonable jurists could disagree on the correctness of that determination given the transcript of the plea hearing, which corroborates the state courts' factual findings. *See Harrington*, 562 U.S. at 102-03; ECF Doc. 11-2 at 105, 111. The state court's

11

conclusion that Taylor was not prejudiced by counsel's failure to inform him of the mandatory prison term was, therefore, not so lacking in justification that it was beyond any possibility for fair-minded disagreement. *Harrington*, 562 U.S. at 102-03.

I recommend Taylor's Ground Two claim be dismissed for lack of merit.

### III. Certificate of Appealability

#### A. Legal Standard

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the COA issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a §2254 habeas petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *Cunningham v. Shoop*, 817 F. App'x 223, 224 (6th Cir. 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quotation marks omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

### B. Analysis

If the Court accepts my recommendations, Taylor will not be able to show that the Court's rulings on his claims are debatable among jurists of reason. Taylor's Ground One claim is non-cognizable. And his Ground Two claim is meritless. Because jurists of reason would not find debatable that habeas relief is not available for either of Taylor's claims, I recommend that no certificate of appealability issue in this case.

## IV. Recommendation

Because Taylor's claims are non-cognizable and meritless, I recommend that they be DISMISSED and that his petition for writ of habeas corpus be DENIED. I further recommend that Taylor not be granted a certificate of appealability.

Dated: September 2, 2021

Thomas M. Parker
United States Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).